IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
OCT - 6 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 3:09cr82–HEH |
| ) | |
| ALVIN ANDERSON ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion Without Prejudice)

Alvin Anderson, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 38).

A motion under 28 U.S.C. § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Rules 2(a) & 2(b), Rules Governing Section 2255 Proceedings in U.S. D. Ct. The Court may summarily dismiss, without a hearing, a claim which states only "bald legal conclusions with no supporting factual allegations." *Sanders v. United States*, 373 U.S. 1, 19 (1963). Such a dismissal is not on the merits and does not bar the subsequent presentation of an adequately detailed § 2255 motion. *See id.*; *see also Dallenbach v. Hanks*, 76 F.3d 820, 822–23 (7th Cir. 1996).

In his § 2255 Motion, Anderson lists three vague, conclusory "Grounds" that fail to state a claim for habeas relief.[1] *Sanders*, 373 U.S. at 19. Moreover, Anderson's

---

[1] For example, Anderson states for Ground Two: "Ineffective Assistance Of Counsel Due To The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process[.]" (§ 2255 Mot. at 4.) In Ground Three, Anderson states: "Mr. Anderson's Conviction And Sentence Are Violative Of The First, Second, Fourth, Fifth, Sixth, And Eighth Amendments To The Constitution." (*Id.* at 5.)

attached "Statement of Claim" appear to only support Grounds One and Two, and do so by utilizing vague and conclusory allegations with little factual support. (§ 2255 Mot., Exhibit 1 thereto, at 8–12.) Notably, Anderson's Motion for Permission to File Oversized Brief ("Mot. File Oversized Br.," ECF No. 40) recognizes the insufficient nature of his claims as set forth in the § 2255 Motion, noting that"[t]hese supplemental allegations are respectfully submitted as necessary to state Mr. Anderson's claims for relief in sufficient detail to avoid dismissal as 'conclusory' allegations." (*Id.* at 1.)

Anderson's Memorandum in Support of his § 2255 Motion (Mem. Supp. § 2255 Motion, ECF No. 39, hereinafter the "Memorandum") is one-hundred and nine pages long including exhibits. In the Memorandum, Anderson adopts a new numbering scheme and what appears to be three different claims or variants of the claims listed in his § 2255 Motion. (Mem. Supp. § 2255 Mot. at ii.) Despite the new numbering scheme, Anderson's allegations remain conclusory and disjointed with little factual support.

Anderson's submissions fail to adequately and concisely set forth discernable claims for relief. Anderson also fails to set forth a concise statement of the facts and argument in support of each claim. Thus, the § 2255 Motion is subject to summary dismissal. *See Sanders*, 373 U.S. at 19; *see also Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006).

Accordingly, Anderson's § 2255 Motion (ECF No. 38) will be denied without prejudice; Anderson's Motion for Permission to File Oversized Brief (ECF No. 40) will be denied; and Anderson's Motion for Ruling (ECF No. 46) will be denied.[2]

---

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a

The Clerk will be directed to forward to Anderson the form for filing a motion under 28 U.S.C. § 2255. If Anderson wishes to resubmit a proper 28 U.S.C. § 2255 motion, he must complete and return the form within thirty (30) days of the date of entry hereof.

Any § 2255 motion that Anderson files must conform to the rules governing such motions and be sworn to under the penalty of perjury. *See* Rules Governing § 2255 Proceedings for U.S. D. Ct., Rule 2(b). Anderson may file a supporting brief accompanying the § 2255 motion that provides a concise statement of fact and argument *for each claim listed* in his § 2255 motion. Any new claim presented in the accompanying brief will not be considered.[3]

An appropriate Order shall accompany this Memorandum Opinion.

                                                        /s/
Date: Oct. 6, 2014          Henry E. Hudson
Richmond, Virginia       United States District Judge

---

prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Anderson fails to satisfy this standard, a certificate of appealability will be denied.

[3] If Anderson submits a § 2255 motion within thirty (30) days, the Court will deem it timely filed for the purposes of the statute of limitations. *See* 28 U.S.C. § 2255(h).